MICHAEL C. CHRISTMAN (SBN 319758)
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
Tel: (314) 342-6334
Email: michael.christman@macys.com

ROBERT A. SCHWARTZ (SBN 92315)
SCHWARTZ & DEUTSCH, LLP
333 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel: (213) 236-9494
Fax: (213) 236-9499
Email: schwartz@sdllp.net

Attorney for Defendant
MACY'S, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MACIAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S, INC., a Delaware Corporation;<br>and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.  **'22 CV1642 TWR MSB**<br><br>**NOTICE OF REMOVAL OF<br>CIVIL ACTION**<br><br>**State Court Case No:<br>37-2022-00032247-CU-OE-CTL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Macy's, Inc. ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this lawsuit from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of

California. In support of its Notice of Removal, Defendant respectfully submits to this Honorable Court the following:

## I.   STATEMENT OF JURISDICTION

A defendant's notice of removal need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-87, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). Removal jurisdiction exists in this case because this Court has original jurisdiction over Plaintiff Rosa Macias' ("Plaintiff") claims pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which Plaintiff and Defendant are not citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth herein, this case meets all the above requirements for removal and is timely and properly removed by the filing of this Notice of Removal of Civil Action.

## II.   STATE COURT ACTION

On August 11, 2022, Plaintiff filed an action against Defendant in Superior Court of California, County of San Diego styled *Rosa Macias v. Macy's, Inc., a Delaware Corporation, and DOES 1 through 25, Inclusive,* Case No. 37-2022-00032247-CU-OE-CTL (the "State Court Action"). Plaintiff's Complaint asserts the following claims against Defendant: (1) Failure to Prevent Religious Discrimination [Cal. Gov't Code § 12940(a)]; (2) Religious Discrimination [Cal. Gov't Code § 12940(a)]; (3) Wrongful Termination in Violation of Public Policy; (4) Wrongful Constructive Termination; (5) Breach of Written Contract; (6) Breach of Oral Contract; and (7) Promissory Estoppel. See Ex. 1, Complaint.

True and correct copies of the Summons, Complaint, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Stipulation to Use Alternative Dispute Resolution are attached hereto as Exhibit 1. The Summons, Complaint, and other documents attached as Exhibit 1 were served on Defendant on September 23, 2022.  No

other process, pleadings, or orders have been filed, entered, or served in this action.

### III.    TIMELINESS OF NOTICE OF REMOVAL OF ACTION

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of receipt of the Summons and Complaint by Defendant. The Summons and Complaint were served on Defendant on September 23, 2022.

### IV.    DIVERSITY JURISDICTION

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b).  Specifically, this is a civil action in which Plaintiff and Defendant are not citizens of the same state and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.    Diversity of Citizenship

For diversity jurisdiction purposes, an individual person's citizenship is established by where that person is domiciled. 28 U.S.C. §1332(a)(1); *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915). A person is domiciled in a location "where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750).  Residence is prima facie evidence of domicile for the purposes of determining citizenship. *Zeto v. BMW of N. Am., LLC*, No. 20-1380, 2020 U.S. Dist. LEXIS 213947, *9 (S.D. Cal. Nov. 16, 2020); *Marin v. Target Corp.*, No. 20-3502, 2020 U.S. Dist. LEXIS 164554, *4-5 (C.D. Cal. Sept. 9, 2020); *Headley v. FCA US, LLC*, No. 20-197, 2020 U.S. Dist. LEXIS 68002, *8-9 (C.D. Cal. Apr. 17, 2020); *Arellano v. Wal-Mart Stores, Inc.*, No. 17-5134,

1   2017 U.S. Dist. LEXIS 150368, *9 (C.D. Cal. Sept. 14, 2017); *Anderson v. Watt*, 138

2   U.S. 694, 706, 11 S. Ct. 449, 34 L. Ed. 1078 (1891) ("The place where a person lives is

3   taken to be his domicile until facts adduced establish the contrary, and a domicile when

4   acquired is presumed to continue until it is shown to have been changed.").

5         Plaintiff is a citizen of the State of California.  Plaintiff has been and remains "a

6   domiciliary of the State of California." Ex. 1, Complaint, ¶ 1.  Plaintiff alleges that from

7   March 2002 to April 2022, she was employed at different Macy's retail stores in San

8   Diego County, California.  *Id*. ¶¶ 10, 12, 49.  Plaintiff's W-2 Wage and Tax Statements

9   for the past 10 years list Plaintiff's residence as being in San Diego, California. Plaintiff

10  has lived, worked, paid taxes, and remained in California on a permanent/indefinite

11  basis. Plaintiff was domiciled in the State of California as of the date of the filing of the

12  instant lawsuit, and she is thus a citizen of California.

13        For purposes of removing a case from state court to federal court, the citizenship

14  of Doe defendants is disregarded, and only named defendants are considered. 28 U.S.C.

15  § 1441(b); *Soliman v. Philip Morris, Inc*., 311 F.3d 966, 971 (9th Cir. 2002); *Newcombe*

16  *v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

17        For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the

18  state in which it is incorporated and the state where it has its principal place of business.

19  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175

20  L. Ed. 2d 1029 (2010) (holding "'principal place of business' is best read as referring

21  to the place where a corporation's officers direct, control, and coordinate the

22  corporation's activities. It is the place that Courts of Appeals have called the

23  corporation's 'nerve center.'"); *Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1138

24  (S.D. Cal. 2018) (citing *Hertz*); *Roy v. Scholastic Book Fairs, Inc.*, No. 20-2547, 2020

25  U.S. Dist. LEXIS 91613, *6 (C.D. Cal. May 26, 2020) (same).

26        At the time Plaintiff filed the State Court Action and at the time this Notice of

27  Removal was filed, Defendant was and is a citizen of the States of Delaware and New

28  York because at all relevant times Defendant has been and is incorporated in Delaware,

1   and has had and presently has its principal place of business in New York, New York.

2   Defendant is not incorporated, and does not have its principal place of business, in the

3   State of California. Accordingly, there is complete diversity among the parties.

4   **B.**     **Amount in Controversy**

5         In measuring the amount in controversy, the Court must assume that the

6   allegations of the Complaint are true and that a jury will return a verdict in favor of

7   Plaintiff on all claims asserted in her Complaint. *Henry v. Cent. Freight Lines, Inc.*, 692

8   Fed. Appx. 806, 807 (9th Cir. 2017); *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx.

9   646, 648 (9th Cir. 2012); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D.

10  Cal. 2021); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d

11  993, 1001 (C.D. Cal. 2002). "The amount in controversy is simply an estimate of the

12  total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v.*

13  *Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Plaintiff seeks to recover

14  compensatory damages (including past and future lost wages and emotional distress

15  damages), punitive damages, and attorney fees. Ex. 1, Complaint, Prayer for Relief.

16  Compensatory damages, punitive damages, and attorney fees are all included in

17  determining the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*,

18  840 F.3d 644, 648-49 (9th Cir. 2016) (holding the amount in controversy "includes,

19  *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying

20  with an injunction, as well as attorneys' fees awarded under fee shifting statutes.").

21        Defendant reasonably and in good faith believes that the amount in controversy

22  herein exceeds the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a).

23  Where, as here, a plaintiff's state court complaint is silent as to the total amount of

24  damages claimed, the removing defendant need only establish that it is more likely than

25  not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v.*

26  *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant's belief is

27  based on a calculation related to the claims alleged, and relief sought, in the Complaint.

28  / / /

**(i)      Economic Damages**

Should Plaintiff prevail on her claims for discrimination or wrongful termination in violation of public policy, she could recover past and future lost wages. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (holding past and future lost wages are includable in the amount in controversy for removal purposes in a FEHA case); *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. 13-0926, 2013 U.S. Dist. LEXIS 130082, *7-8 (E.D. Cal. Sept. 11, 2013) (holding "courts commonly look to the value of the wages plaintiffs may have earned after they were terminated" in determining the amount in controversy in a FEHA case alleging unlawful termination); *James v. Childtime Childcare, Inc.*, No. 06-2676, 2007 U.S. Dist. LEXIS 43753, *4 n.1 (E.D. Cal. June 1, 2007) (holding courts may consider "both past and future lost wages" when determining amount in controversy in a FEHA case alleging unlawful termination); *Thompson v. Big Lots Stores, Inc.*, No. 16-1464, 2017 U.S. Dist. LEXIS 20094, *9-10 (E.D. Cal. Feb. 13, 2017) (same).

Plaintiff alleges that she began her employment with Defendant "in or around" March 7, 2002, and that she resigned on April 12, 2022. Ex. 1, Complaint, ¶¶ 10, 49. Plaintiff seeks past and future lost wages. Ex. 1, Complaint, Prayer for Relief. Past wages are lost wages between the date of the plaintiff's termination and the date of removal, and future wages are lost wages between the date of removal and trial. *Beltran v. Procare Pharm., LLC*, No. 19-8819, 2020 U.S. Dist. LEXIS 26098, *5-6 (C.D. Cal. Feb. 14, 2020). "When the date of trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate." *Id.* (citing cases).

As of the date of this Notice of Removal, it has been more than 27 weeks since Plaintiff's employment ended.  At the time of her termination, Plaintiff was paid $18.20 per hour, and she alleges she worked at least 30 hours per week (Ex. 1, Complaint, ¶¶ 18, 23), which equates to at least $546.00 ($18.20 x 30) per week. Assuming Plaintiff would have earned at least $546.00 in each of the 27 weeks since her termination, Plaintiff allegedly has suffered at least $14,742.00 ($546.00 x 27 weeks) in past lost

1   wages as of the date of this filing. And assuming Plaintiff would have earned the same

2   amount in the year between the date of removal and trial, Plaintiff will suffer at least

3   $28,392.00 ($546.00 x 52 weeks) in future lost wages. Accordingly, the amount of past

4   and future lost wages in controversy is at least $43,134.00 ($14,742.00 + $28,392.00).

5   **(ii)   Punitive Damages**

6   Plaintiff also seeks punitive damages. <u>Ex. 1, Complaint ¶¶ 63, 76, 79, 86, 96,</u>

7   <u>Prayer for Relief.</u> Plaintiff's punitive damages claim is considered for purposes of

8   determining the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*,

9   840 F.3d 644, 648 (9th Cir. 2016); *Thompson v. Big Lots Stores, Inc.*, No. 16-1464,

10   2017 U.S. Dist. LEXIS 20094, *13 (E.D. Cal. Feb. 13, 2017); *Saldana v. Home Depot*

11   *USA, Inc.*, No. 16-484, 2016 U.S. Dist. LEXIS 80064, *8 (E.D. Cal. June 20, 2016).

12   Punitive damage awards in employment discrimination cases can be substantial.

13   *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (jury verdicts in

14   other "cases amply demonstrate the potential for large punitive damage awards in

15   employment discrimination cases"); *Hurd v. Am. Income Life Ins.*, No. 13-5205, 2013

16   U.S. Dist. LEXIS 147849, *17 (C.D. Cal. Oct. 10, 2013) (noting punitive damages in

17   discrimination cases can be "substantial"); *Castle v. Lab Corp. of Am.*, No. 17-2295,

18   2017 U.S. Dist. LEXIS 73701, *13 (C.D. Cal. May 15, 2017).

19   "A ratio of 1:1 between punitive and economic damages has been described as

20   'conservative' for purposes of calculating the amount in controversy." *Bayol v. Zipcar,*

21   *Inc.*, No. 14-2483, 2015 U.S. Dist. LEXIS 109027, *24 (N.D. Cal. Aug. 18, 2015)

22   (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698, 701 (9th Cir. 2007)).

23   *Accord Garfias v. Team Indus. Servs., Inc.*, No. 17-4282, 2017 U.S. Dist. LEXIS

24   167370, *13 (C.D. Cal. Oct. 10, 2017). Applying the 1:1 ratio with the minimum

25   amount of economic damages in controversy shown above provides for a minimum

26   amount of $43,143.00 in punitive damages in controversy.

27   **(iii)   Emotional Distress Damages**

28   Plaintiff also seeks damages for emotional distress she alleges she suffered and

1    continues to suffer. <u>Ex. 1, Complaint, ¶¶ 62, 78, 85, 95, Prayer for Relief.</u> "Emotional

2    distress damages are properly considered in the amount in controversy for jurisdiction

3    purposes." *Castle v. Lab Corp. of Am.*, No. 17-2295, 2017 U.S. Dist. LEXIS 73701, *10

4    (C.D. Cal. May 15, 2017). *Accord Perez v. Hermetic Seal Corp.*, No. 16-5211, 2016

5    U.S. Dist. LEXIS 132728, *8 (C.D. Cal. Sept. 27, 2016).

6        Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs

7    in employment cases alleging FEHA violations have been awarded substantial sums for

8    emotional distress. *See, e.g., Perez v. Hermetic Seal Corp.*, No. 16-5211, 2016 U.S.

9    Dist. LEXIS 132728, *9-10 (C.D. Cal. Sept. 27, 2016) (citing FEHA discrimination

10    verdict of $400,000 in emotional distress damages); *Redfield v. Ins. Co. of N. Am.*, 940

11    F.2d 542, 544 (9th Cir. 1991) (emotional distress award of $25,000); *Castle v. Lab*

12    *Corp. of Am.*, No. 17-2295, 2017 U.S. Dist. LEXIS 73701, *10-11 (C.D. Cal. May 15,

13    2017) (citing discrimination case resulting in $200,000 emotional distress award);

14    *Cosby v. Autozone, Inc.*, 598 Fed. Appx. 540 (9th Cir. 2015) (awarding $250,000 in

15    emotional distress in case alleging discrimination and wrongful termination); *Kroske v.*

16    *U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (upholding district court finding

17    that $25,000 was amount in controversy for alleged emotional distress damages); *Sasso*

18    *v. Noble Utah Long Beach, LLC*, No. 14-9154, 2015 U.S. Dist. LEXIS 25921, *13-15

19    (C.D. Cal. Mar. 3, 2015) (in determining the amount in controversy, referencing jury

20    verdicts awarding emotional distress damages in other employment discrimination

21    cases, where emotional distress ranged from $125,000 to $500,000); *Benns v. ITT Educ.*

22    *Servs.*, No. 16-3298, 2016 U.S. Dist. LEXIS 91218, *6 (C.D. Cal. July 11, 2016) (noting

23    emotional distress awards in other cases of $45,000 and $500,000); *Hurd v. Am. Income*

24    *Life Ins.*, No. 13-5205, 2013 U.S. Dist. LEXIS 147849, *17 (C.D. Cal. Oct. 10, 2013)

25    (noting emotional distress damages in discrimination cases can be "substantial").

26        Based on the foregoing cases, it is reasonable to estimate that, at a minimum,

27    $25,000 is in controversy for Plaintiff's alleged emotional distress.

28    / / /

(iv)    **Attorney Fees**

Plaintiff also seeks attorney fees pursuant to Cal. Gov't Code § 12965(b). <u>Ex. 1,</u> <u>Complaint, ¶¶ 64, 80, 87, Prayer for Relief.</u> Attorney fees are included in the amount in controversy calculation when the underlying claims permit recovery of attorney fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). Plaintiff has the potential to recover attorney fees on her FEHA causes of action because that statute authorizes an award for reasonable attorney fees to a prevailing plaintiff. *See* CAL. GOV'T CODE § 12965(b). Past and future attorney fees must be considered when determining the amount in controversy. *Brooks v. Ford Motor Co.*, No. 20-302, 2020 U.S. Dist. LEXIS 91725, *6 (C.D. Cal. May 26, 2020) (citing *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

"The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. ACE Cash Express, Inc.*, No. 14-285, 2014 U.S. Dist. LEXIS 76351, *14 (C.D. Cal. May 30, 2014). "Employment claims have been found to 'require substantial effort from counsel.'" *Id.* at *15. *Accord Sasso v. Noble Utah Long Beach, LLC*, No. 14-9154, 2015 U.S. Dist. LEXIS 25921, *12 (C.D. Cal. Mar. 3, 2015). Courts have held that a reasonable hourly rate for employment cases is $300 and that hourly estimates in such cases through trial range from 100 hours to 300 hours. *Garcia*, 2014 U.S. Dist. LEXIS 76351, *15; *Sasso*, 2015 U.S. Dist. LEXIS 25921, *12; *Benns v. ITT Educ. Servs.*, No. 16-3298, 2016 U.S. Dist. LEXIS 91218, *6 (C.D. Cal. July 11, 2016); *Stainbrook v. Target Corp.*, No. 16-90, 2016 U.S. Dist. LEXIS 74844, *13 (C.D. Cal. June 8, 2016); *Castanon v. Int'l Paper Co.*, No. 15-8362, 2016 U.S. Dist. LEXIS 17160, *13-14 (C.D. Cal. Feb. 11, 2016); *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 15-4035, 2015 U.S. Dist. LEXIS 98517, *9 (C.D. Cal. July 27, 2015); *Castillo v. ABM Indus., Inc.*, No. 17-1889, 2017 U.S. Dist. LEXIS 192939, *7-8 (C.D. Cal. Nov. 20, 2017). Accordingly, the amount of attorney fees in controversy in this matter reasonably

can be expected to be at least $30,000 ($300 x 100 hours) and likely substantially higher.

### (v)   Minimum Total Amount in Controversy

As shown above, the minimum amount in controversy in this action is **$141,268.00** ($43,134.00 alleged past and future lost wages + $43,134.00 alleged punitive damages + $25,000 alleged emotional distress damages + $30,000 attorney fees). Accordingly, the requirements of 28 U.S.C. § 1332(a) have been met because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff and Defendant are not citizens of the same state.

## V.   VENUE

Venue is proper in this district and division because the Superior Court of California for San Diego County is located within the federal Southern District of California and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.   NOTICE TO PLAINTIFF

As required by 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal of Civil Action to Plaintiff.

## VII.   NOTICE TO SAN DIEGO COUNTY SUPERIOR COURT

Defendant will promptly file this Notice of Removal of Civil Action with the Clerk of the Superior Court of California for San Diego County.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant removes this case from the Superior Court of California, County of San Diego, to the United States Court for the Southern District of California.

Date: October 22, 2022                 MACY'S LAW DEPARTMENT

                                                        */s/    Michael C. Christman*
                                                       MICHAEL C. CHRISTMAN

                                                       Attorneys for Defendant
                                                       MACY'S, INC.