# EXHIBIT 1

**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Macy's, Inc.                                                         09/26/2022
Mary Beth Harrington
Macy's, Inc.
145 Progress Place
Springdale OH 45246

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-2289

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Macy's, Inc. |
| 2. | **Title of Action:** | Rosa Macias, an individual vs. Macy's, Inc. a Delaware Corporation; and Does 1 through 25, Inclusive |
| 3. | **Document(s) Served:** | Summons<br>Plaintiff's Complaint<br>Exhibit A<br>Civil Case Cover Sheet |
| 4. | **Court/Agency:** | San Diego County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 37-2022-0002247-CU-05-CTL |
| 7. | **Case Type:** | Discrimination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 09/23/2022 |
| 10. | **Date to Client:** | Monday 09/26/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Sunday 10/23/2022    <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Joshua D. Guenberg<br>San Diego, CA<br>(619) 230-1234 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link and PDF Attachment |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MACY'S, INC., a Delaware Corporation; and DOES 1 through 25

Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROSA MACIAS, an individual

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/11/2022 at 02:52:07 PM**

Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California, SD County | 37-2022-00032247-CU-OE-CTL |
| 330 W. Broadway San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Josh D. Gruenberg 2155 First Avenue, San Diego, CA 92101 (619) 230-1234

| DATE: 08/12/2022 *(Fecha)* | Clerk, by *(Secretario)* *a. Villasenor* A. Villasenor | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):* Macy's, Inc., a Delaware Corporation; and DOES 1 through 25, inc.
3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

For your protection and privacy, please

Joshua D. Gruenberg, Esq. SB #163281
Pamela Vallero, Esq. SB # 308301
Katherine Dishongh, Esq. SB #339223
**GRUENBERG LAW**
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-3542
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

Attorneys for Plaintiff
**ROSA MACIAS**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/11/2022** at 02:52:07 PM
Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| ROSA MACIAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S, INC., a Delaware Corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 37-2022-00032247-CU-OE-CTL<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. FAILURE TO PREVENT RELIGIOUS DISCRIMINATION[Cal. Gov't Code § 12940(a)];<br>2. RELIGIOUS DISCRIMINATION [Cal. Gov't Code § 12940(a)];<br>3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [Cal. Gov't Code § 12940(a)];<br>4. WRONGFUL CONSTRUCTIVE TERMINATION [Cal. Gov't Code § 12940(a)];<br>5. BREACH OF WRITTEN CONTRACT [Cal. Gov't Code § 12945.2];<br>6. BREACH OF ORAL CONTRACT;<br>7. PROMISSORY ESTOPPEL;<br><br>**[JURY TRIAL DEMANDED]** |

1    COMES NOW THE PLAINTIFF, alleging against Defendant as follows:

2    **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

3    1.   Plaintiff ROSA MACIAS (hereinafter "Plaintiff" or "MACIAS") is a natural person who

4         is, and at all relevant times was, a resident of the United States and a domiciliary of the

5         State of California.

6    2.   Plaintiff is informed and believes and thereon alleges that Defendant MACY'S INC.

7         (hereinafter "MACY'S") is a Delaware Corporation doing business in the State of

8         California, County of San Diego, and is subject to suit under the California Fair

9         Employment and Housing Act (FEHA), California Government Code §12940 et seq. On

10        information and belief, Defendant employs in excess of five employees in San Diego and

11        elsewhere.

12   3.   Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as

13        DOES 1 through 25 and therefore sues these defendants by such fictitious names.

14        Plaintiff will amend this Complaint to allege the true names and capacities when they are

15        ascertained.

16   4.   Plaintiff is informed and believes and thereon alleges that each fictitiously named

17        Defendant is responsible in some manner for the occurrences herein alleged, and

18        Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally

19        caused by Defendant.

20   5.   Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are

21        somehow responsible for the acts alleged herein as the agents, employers, representatives

22        or employees of other named Defendant, and in doing the acts herein alleged were acting

23        within the scope of their agency, employment or representative capacity of said named

24        Defendant.

25   6.   The tortious acts and omissions alleged herein were performed by management level

26        employees of Defendant. Defendant allowed and/or condoned a continuing pattern of

27        retaliatory practices.

28   7.   Plaintiff also filed her charge with the California Department of Fair Employment and

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

Housing ("DFEH") on August 10, 2022, and thereafter on that same day received from the DFEH her "right to sue." These documents are collectively attached hereto as "EXHIBIT A."

## SPECIFIC FACTUAL ALLEGATIONS

8. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

9. Defendant MACY'S is a retail clothing store, which has stores all around the United States.

10. In or around March 7, 2002, when Plaintiff was twenty-one years old, Plaintiff was hired by Defendant MACY'S. Plaintiff quickly became Lead Capitan, a position she held for more than 15 years.

11. Plaintiff loved working at Macy's and expected to work there her whole life. Plaintiff received many benefits working for Macy's including a 401k and a pension plan.

12. Plaintiff worked for numerous San Diego County Macy's locations throughout her career including Fashion Valley, Chula Vista, and eventually Bonita.

13. Plaintiff won Employee of the Year for many years when she worked at Fashion Valley. Plaintiff won Employee of the Year twice in Chula Vista.

14. Plaintiff has two school-age children who she drops off and picks up from school during the week and is the sole caretaker for on the weekends.

15. In early 2021, Plaintiff was working at the Chula Vista location. At the Chula Vista location, which is a 5-to-10-minute drive from her children's schools, Plaintiff was scheduled for 6:30 a.m. to 2:30p.m., Monday through Friday. Plaintiff would occasionally work on Saturdays, but never on Sundays.

16. One of Plaintiff's managers when she worked at Fashion Valley, Delia Torres ("Ms. Torres"), was transferred to the Bonita location.

17. Ms. Torres reached out to Plaintiff numerous times over the years and asked if Plaintiff had an interest in transferring to the Bonita location.

18. On or around June 2021, Plaintiff decided to accept Ms. Torres' offer, with a few

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1   conditions. Plaintiff informed Ms. Torres that Plaintiff could work a schedule of 7:00

2   a.m. to 2:00 p.m. Monday through Thursday, and 7:00 a.m. to 12:00 p.m. on Fridays.

3   Plaintiff requested the shortened hours to account for her time spent picking and dropping

4   off her children from school. Plaintiff told Ms. Torres that she could not work weekends.

5   19.   Ms. Torres, like many of Plaintiff's supervisors, knew that Plaintiff could not work

6   Sundays because Plaintiff goes to church on Sundays.

7   20.   Ms. Torres said that she would talk to the store manager, Sherry Simms. After speaking

8   with the Ms. Simms, Ms. Torres told Plaintiff that the Ms. Simms agreed to the schedule

9   and the transfer. Plaintiff applied for the transfer.

10  21.   As part of the transfer, Plaintiff's position change from Merchandising Capitan to Part

11  Time Associate, which was a demotion in title. Plaintiff was amenable to this change,

12  however, given that she would have more accommodating hours.

13  22.   In or around September 2021, shortly after Plaintiff started at the Bonita location, Ms.

14  Simms left and a new store manager, Leslie Choo ("Ms. Choo"), started.

15  23.   Plaintiff continued working the schedule she had negotiated with Ms. Torres. Plaintiff

16  was happy because she was passionate about her job but could also pick up her kids from

17  school.

18  24.   On February 16, 2022, Plaintiff requested time off for vacation. She told her then

19  operations manager, Delia Torres that she wanted to take a week and a half off. Ms.

20  Torres told her that would be alright and requested that Plaintiff enter the time on the

21  calendar and in the system. Plaintiff also told Brenda Santiago, who was Plaintiff's

22  Capitan (Supervisor). Plaintiff entered the time on the calendar and in the system.

23  25.   Ms. Torres resigned from Macy's on the March 2, 2022.

24  26.   The other Operations Manager at the Bonita location, Jeremy Ruiz, also knew about

25  Plaintiff's schedule and left it the same after Ms. Torres's departure.

26  27.   Mr. Ruiz stopped working at the Bonita location on or around the March 16, 2022. When

27  he left, he thanked Plaintiff for working hard and always doing things with a good

28  attitude.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

28. Plaintiff worked another week after Ruiz's departure then took her scheduled vacation. Plaintiff's vacation lasted from the March 24, 2022, to the April 4, 2022.

29. Plaintiff returned to work on April 5, 2022. Plaintiff picked up her scanner and said "good morning" to everyone, as was her usual custom. Plaintiff noticed her Supervisor Ms. Santiago was a little serious with her, when Ms. Santiago told Plaintiff to start in the kids' department. Ms. Santiago finished in the men's department and went to the kids' department. While they were working together, Ms. Santiago informed Plaintiff that Ms. Choo was very mad at Plaintiff because she took two weeks of vacation and did not tell anyone. Plaintiff had told Ms. Santiago and Ms. Torres, as well as entering it on the system and calendar, over a month in advance.

30. Plaintiff ended her shift around 2:15 p.m. that day, but before she left, Ms. Choo summoned Plaintiff, via the intercom, into the office with Shawn [Last Name Unknown "LNU"], another manager, and Ms. Choo.

31. When Plaintiff entered the office, Ms. Choo asked why Plaintiff arrived late. Plaintiff told her that she knew, and Choo said no. Plaintiff thought it was odd that Ms. Choo was having this conversation in front of Shawn LNU, but Plaintiff explained that her children started school at 6:30 a.m. and 6:45 p.m. and so she arrived at work at 7:00 a.m.

32. Plaintiff explained that was the reason she transferred from Chula Vista to Bonita because Ms. Torres, the ex-manager, had told her that she could work that schedule, and that was the schedule she had had the entire time she had been at the Bonita store. Ms. Choo asked if Plaintiff had spoken to Ms. Simms about her schedule agreement, and Plaintiff confirmed that Ms. Simms had agreed to let Plaintiff work Plaintiff's preferred schedule when Plaintiff transferred.

33. Ms. Choo informed Plaintiff that she could no longer arrive at 7:00 a.m. because everyone else was arriving at 6:00 a.m. Ms. Choo informed Plaintiff that no accommodations to schedule could be made for childcare. Ms. Choo said there would be changes in the company starting in June.

34. Ms. Choo told Plaintiff that Plaintiff would have to have open availability, including

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

weekends and Sundays. Plaintiff immediately objected, though overcome with emotion. In Plaintiff's twenty years of working at Macy's, Plaintiff had never been asked to work on Sunday, or leave it open for work, due to her religious practices.

35.   Ms. Choo explained that it was not fair for the rest of the team if Plaintiff had an accommodating schedule since they were full time and Plaintiff was part time. However, Ms. Choo's proposed change would require Plaintiff to work full-time hours, without benefits and without her previous title (Merchandising Capitan) reinstated.

36.   Ms. Choo's demands were a complete breach of Plaintiff's agreement upon transfer: In exchange for Plaintiff's transfer and title change, Plaintiff would work a schedule of 7:00 a.m. to 2:00 p.m. Monday through Thursday, and 7:00 a.m. to 12:00 p.m. on Fridays.

37.   Ms. Choo gave Plaintiff an impossible ultimatum: have open availability despite the agreement and her religious beliefs, and agreement, or quit.

38.   Plaintiff asked if she could have until June 2022 to decide what to do and Ms. Choo told her no. Plaintiff was distraught because she would either have to come up with another plan for her children's care and find alternative church schedules, in one day, or lose her job.

39.   Plaintiff began crying and asked if she could, at least, have until the next day, and Ms. Choo agreed.

40.   Plaintiff left the store and got into her car. In her car, Plaintiff suffered an anxiety attack. The attack lasted about 15 minutes.

41.   On April 6, 2022, Plaintiff returned to work. Plaintiff felt as if she had no other choice, and, with much regret, submitted her two-week notice of resignation.

42.   That same day, Plaintiff, again, tried to reason with Ms. Choo. Plaintiff asked if she could stay on as a "Flex" which is a temporary worker who received no benefits but can make their own schedule. Plaintiff explained to Ms. Choo that this would allow her to keep her religious and childcare commitments. Plaintiff reiterated how important her religious commitments were and that a Flex position would accommodate her church schedule. Ms. Choo initially was amenable to the idea but immediately changed her mind telling

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    Plaintiff something to the effect of, "No you can't be Flex because you need to work or

2    be available to work Friday to Sunday, all day."

3    43.    In Plaintiff's twenty years at Macy's, Plaintiff had never seen or heard of a Flex

4    employee requirement to have open availability all weekend.

5    44.    After work on April 6, 2022, Plaintiff saw a doctor at San Ysidro Health for pain in her

6    foot. Her medical provider put her on medical leave for one week. However, Plaintiff did

7    not give the doctor's note to Ms. Choo and did not request leave because Plaintiff still

8    hoped that Ms. Choo would change her mind, so that Plaintiff did not have to quit.

9    45.    Plaintiff offered to stay an additional two weeks to help prepare for a regional visit. Ms.

10    Choo allowed Plaintiff to stay two weeks, with her previous schedule. Shortly thereafter,

11    Ms. Choo changed her mind again, and said that Plaintiff could stay for the rest of the

12    month, working her regular schedule.

13    46.    Plaintiff knew many of the employees who make the regional visits, due to her twenty

14    years at the company and was excited to see them again. However, on the day of the visit,

15    she was the only day time employee not scheduled during the time of the visit, which was

16    during Plaintiff's regular working hours. Plaintiff believes she was intentionally omitted

17    from the regional visit time so that she would not escalate her concerns.

18    47.    Plaintiff intended to work the rest of the month. However, as the month went on, Plaintiff

19    was retaliated against by Ms. Choo through her non-inclusion to the regional visit, and

20    other actions by Ms. Choo or her subordinates. For example, Plaintiff was instructed to

21    work a Saturday to clean up the stock room in the back. This was a typical job duty for

22    Plaintiff which she had been performing for at least fifteen years. When Plaintiff arrived

23    to clean the stock room, it was in such an extreme state of disrepair, like Plaintiff had

24    never seen in her twenty years of employment with Defendant. Plaintiff is informed and

25    believes, and thereon alleges, that the stock room was purposely in such an extreme state

26    of disrepair so as to punish or retaliate against Plaintiff. However, Plaintiff cleaned the

27    room without complaint, still hoping that Ms. Choo would change her mind.

28    48.    Due to the retaliation, and forced resignation, Plaintiff was in a delicate emotional state.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    Plaintiff's coworkers, supervisors, and other managers would ask her frequently why she

2    was leaving. Plaintiff would suffer anxiety and be brought to tears each time she had to

3    explain. Many, if not all of the other employees expressed their confusion and concern to

4    Plaintiff, and repeatedly wondered by Plaintiff was being discriminated against in such a

5    way.

6    49.    Plaintiff was forced to resign on April 12, 2022, because Defendant would not

7    accommodate her religion and childcare needs, despite the agreement to the contrary.

8    50.    Plaintiff's final day working at Macy's, after twenty years, was April 13, 2022.

9    51.    As a result of Plaintiff's termination, Plaintiff has suffered, among other effects, anxiety,

10    panic attacks, distress, crying, sleeplessness, hopelessness, and depression. Plaintiff has

11    avoided Macy's since her termination because the memory of her forced resignation and

12    seeing her coworkers retraumatizes Plaintiff.

13    52.    As a result of Plaintiff's termination and Defendant's breach of their agreement, Plaintiff

14    has suffered, *inter alia,* a monetary loss including wages, health insurance, life insurance,

15    and employee discounts. Plaintiff and her family have suffered a loss in quality of life as

16    a result of her forced resignation. Plaintiff was only a few years away from earning her

17    Employee Discount for Life, due to her long employment with Defendant.

18    ## FIRST CAUSE OF ACTION

19    ## FAILURE TO PREVENT RELIGIOUS DISCRIMINATION

20    **[Cal. Gov't. Code § 12940(a)]**

21    53.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

22    the preceding paragraphs as though fully set forth herein.

23    54.    Defendant failed to take all reasonable steps to prevent discrimination based on religious

24    belief.

25    55.    Plaintiff was employed by Defendant, for over twenty years.

26    56.    Plaintiff is a devout Catholic who goes to church every Sunday, which Plaintiff

27    communicated to Defendant, multiple times over her twenty-year employment. Plaintiff

28    expressly communicated her religious beliefs to Ms. Choo.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    Plaintiff's coworkers, supervisors, and other managers would ask her frequently why she

2    was leaving. Plaintiff would suffer anxiety and be brought to tears each time she had to

3    explain. Many, if not all of the other employees expressed their confusion and concern to

4    Plaintiff, and repeatedly wondered by Plaintiff was being discriminated against in such a

5    way.

6    49.    Plaintiff was forced to resign on April 12, 2022, because Defendant would not

7    accommodate her religion and childcare needs, despite the agreement to the contrary.

8    50.    Plaintiff's final day working at Macy's, after twenty years, was April 13, 2022.

9    51.    As a result of Plaintiff's termination, Plaintiff has suffered, among other effects, anxiety,

10    panic attacks, distress, crying, sleeplessness, hopelessness, and depression. Plaintiff has

11    avoided Macy's since her termination because the memory of her forced resignation and

12    seeing her coworkers retraumatizes Plaintiff.

13    52.    As a result of Plaintiff's termination and Defendant's breach of their agreement, Plaintiff

14    has suffered, *inter alia*, a monetary loss including wages, health insurance, life insurance,

15    and employee discounts. Plaintiff and her family have suffered a loss in quality of life as

16    a result of her forced resignation. Plaintiff was only a few years away from earning her

17    Employee Discount for Life, due to her long employment with Defendant.

18    **FIRST CAUSE OF ACTION**

19    **FAILURE TO PREVENT RELIGIOUS DISCRIMINATION**

20    **[Cal. Gov't. Code § 12940(a)]**

21    53.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

22    the preceding paragraphs as though fully set forth herein.

23    54.    Defendant failed to take all reasonable steps to prevent discrimination based on religious

24    belief.

25    55.    Plaintiff was employed by Defendant, for over twenty years.

26    56.    Plaintiff is a devout Catholic who goes to church every Sunday, which Plaintiff

27    communicated to Defendant, multiple times over her twenty-year employment. Plaintiff

28    expressly communicated her religious beliefs to Ms. Choo.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

57. Plaintiff was subjected to discrimination based on her religious belief when Defendant required Plaintiff to have "open availability" and be available to work every day of the week, including Sundays.

58. Defendant failed to take all reasonable steps to prevent the discrimination. Even when Plaintiff asked for accommodation by requesting Sundays off to go to church, or a Flex schedule, however, Defendant required her to have open availability all days of the week, or resign. When Plaintiff asked for extra time to think about the situation, and tried to work it out with management, Defendant pressured Plaintiff into an impossible choice: give up your religion, or your job of twenty years.

59. As a result of Defendant's illegal scheduling requirements, Plaintiff has suffered and continues to suffer a loss of wages/salary, benefits (including healthcare, employee discounts, and life insurance for Plaintiff, her son, and her husband) and other employee compensation, in an amount which is currently unascertained. Plaintiff faces a substantial diminution of her future earning capacity in an amount which is also currently unascertained. Plaintiff will request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained or upon proof at the time of trial.

60. As a result of Defendant's illegal scheduling requirements, Plaintiff has suffered and continues to suffer emotional distress. Defendant demonstrated to Plaintiff that it would not accommodate the observance of her sincerely held religious belief. Defendant acted unreasonably because it knew and/or should have known that asking Plaintiff to have open availability all days, including Sundays, or resign, would cause additional, severe mental distress. Plaintiff therefore seeks damages for emotional distress in an amount to be proven at the time of trial.

61. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

62.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

63.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

64.  In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Government Code section 12965(b).

## SECOND CAUSE OF ACTION

### DISCRIMINATION ON BASIS OF RELIGIOUS CREED

### [Cal. Gov't Code § 12940(l)]

65.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

66.  Plaintiff was employed by Defendant, for over twenty years.

67.  Plaintiff is a devout Catholic who goes to church every Sunday.

68.  Defendant required Plaintiff to have "open availability" and be available to work every day of the week, including Sundays.

69.  Plaintiff told Defendant that she could not work on Sundays because she goes to church.

70.  Defendant did not explore available reasonable alternatives of accommodating Plaintiff, including assigning Plaintiff a work schedule such that she did not have to work, or be available to work, on Sundays.

71.  Defendant, through its agents, insisted Plaintiff must have open availability if she was to continue working for Defendant, including Sundays.

72.  Plaintiff was unable to have open availability all week because she goes to church on Sundays. As a result, Plaintiff was forced to resign.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

73. As a result of Defendant's illegal scheduling requirements, Plaintiff has suffered and continues to suffer a loss of wages/salary, benefits (including healthcare, employee discounts, and life insurance for Plaintiff, her son, and her husband) and other employee compensation in an amount which is currently unascertained. Plaintiff faces a substantial diminution of her future earning capacity in an amount which is also currently unascertained. Plaintiff will request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained or upon proof at the time of trial.

74. As a result of the aforesaid denial of religious accommodation, Plaintiff has suffered and continues to suffer emotional distress. Defendant demonstrated to Plaintiff that it would not accommodate the observance of her sincerely held religious belief. Macys acted unreasonably because it knew and/or should have known that asking Plaintiff to have open availability all days, including Sundays, or quit would cause additional, severe mental distress. Plaintiff therefore seeks damages for emotional distress in an amount to be proven at the time of trial.

75. Because of the wrongful acts of Defendant as herein above alleged, Plaintiff has been and will in the future be damaged through her earning capacity and lost wages.

76. In doing the acts set forth above, Defendant acted as herein alleged with a conscious disregard of Plaintiff's right to an accommodation to assist in observing her sincerely held religious faith notwithstanding the obligation of her employment. The accommodation requested by Plaintiff would have imposed little or no burden upon Defendant, yet Defendant insisted on forcing Plaintiff to have open availability all days of the week, including Sunday, or quit. The officers and managers of Defendant have made a conscious decision that they would not comply with the laws of this state. This conduct by Defendant was, and is, despicable, cruel, and oppressive. The Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial.

77. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits,

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1   employment opportunities, and Plaintiff has suffered other economic losses in an amount

2   to be determined at time of trial. Plaintiff has sought to mitigate these damages.

3   78.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

4   suffered and continues to suffer, *inter alia,* humiliation, emotional distress, loss of

5   reputation, and mental and physical pain and anguish, all to her damage in a sum to be

6   established according to proof.

7   79.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

8   to recover punitive and exemplary damages in an amount commensurate with

9   Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

10   conduct.

11   80.   In addition to such other damages as may properly be recovered herein, Plaintiff is

12   entitled to recover prevailing party attorney's fees pursuant to Government Code section

13   12965(b).

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION
### [Cal. Gov't Code § 12940(a)]

16   81.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

17   the preceding paragraphs as though fully set forth herein.

18   82.   On or about April 13, 2022, Defendant wrongfully terminated Plaintiff's employment in

19   violation of California Government Code section 12940(a).

20   83.   Plaintiff believes and thereon alleges that her religious and family commitments were a

21   substantial motivating reason for Defendant engaging in conduct that, taken as a whole,

22   materially, and adversely affected the terms and conditions of her employment, up to and

23   including terminating her employment.

24   84.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

25   sustained and continues to sustain substantial losses in earnings, employment benefits,

26   employment opportunities, and Plaintiff has suffered other economic losses in an amount

27   to be determined at time of trial. Plaintiff has sought to mitigate these damages.

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

85. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

86. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

87. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Government Code section 12965(b).

## FOURTH CAUSE OF ACTION
## WRONGFUL CONSTRUCTIVE TERMINATION
### [Cal. Gov't Code § 12940(a)]

88. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

89. Should the trier of fact find that Defendants did not actually terminate Plaintiff, Plaintiff alleges this cause of action in the alternative.

90. Plaintiff performed work for Defendants, as an employee, as stated herein.

91. Defendant intentionally created or knowingly permitted working conditions that were so intolerable, that a reasonable person in Plaintiff's position would have no reasonable alternative except to resign, as stated herein.

92. Plaintiff believes and hereon alleges that her religious and family commitments were a substantial motivating reason for Defendant engaging in conduct that, taken as a whole, materially, and adversely affected the terms and conditions of her employment, up to and including constructively terminating her employment.

93. Due to Defendant's actions, including requiring her to have open availability and work on all days, even on Sundays, knowing that she had church commitments, Plaintiff is no longer working for Defendant. Plaintiff was therefore constructively terminated.

94.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has
        sustained and continues to sustain substantial losses in earnings, employment benefits,
        employment opportunities, and Plaintiff has suffered other economic losses in an amount
        to be determined at time of trial. Plaintiff has sought to mitigate these damages.

95.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has
        suffered and continues to suffer humiliation, emotional distress, loss of reputation, and
        mental and physical pain and anguish, all to her damage in a sum to be established
        according to proof.

96.     As a result of Defendant's deliberate, outrageous, and despicable conduct, Plaintiff is
        entitled to recover punitive and exemplary damages in an amount commensurate with
        Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible
        conduct, as well as attorney's fees pursuant to California Government Code section
        12965(b).

## FIFTH CAUSE OF ACTION
## BREACH OF ORAL CONTRACT
### [Cal. Gov't Code § 12940(n)]

97.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in
        the preceding paragraphs as though fully set forth herein.

98.     Plaintiff and Defendant entered into an oral agreement as stated herein.

99.     Under the contract, Plaintiff was to apply for a transfer to the Bonita location, and change
        her position title, in consideration for a schedule of 7:00 a.m. to 2:00 p.m. Monday
        through Thursday and 7:00 a.m. to 12:00 p.m. on Fridays with no work on weekends.

100.    Ms. Torres specifically offered this arrangement to Plaintiff and sought her out by
        offering her a position at the Bonita location multiple times, because Plaintiff was a
        notoriously diligent and efficient worker. Plaintiff knew the move to Bonita would be
        further from her children's school but thought that, under the agreement, Plaintiff would
        still be able to perform her childcare requirements.

101.    Plaintiff did all, or substantially all, of the things the contract required of her under the
        contract.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

102. Defendant failed to perform on the contract by requiring Plaintiff to have open availability including weekends, and particularly Sundays, a day she never previously worked or was scheduled for.

103. As a direct and proximate result of Defendant's unlawful actions against Plaintiff, as stated herein, Plaintiff has been harmed in that she has suffered substantial economic losses, in an amount according to proof plus interest.

### SIXTH CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
### [Cal. Gov't Code §12945.2]

104. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

105. Should the trier of fact find that a valid and enforceable oral agreement did not exist between Plaintiff and Defendants, Plaintiff alleges this claim in the alternative.

106. Plaintiff and Defendant entered into an agreement, attached hereto as Exhibit B.

107. Under the contract, Plaintiff was to apply for a transfer to the Bonita location, and change her position title, in consideration for a schedule of 7:00 a.m. to 2:00 p.m. Monday through Thursday and 7:00 a.m. to 12:00 p.m. on Fridays with no work on weekends.

108. Ms. Torres specifically offered this arrangement to Plaintiff and sought her out by offering her a position at the Bonita location multiple times, because Plaintiff was a notoriously diligent and efficient worker. Plaintiff knew the move to Bonita would be further from her children's school but thought that, under the agreement, Plaintiff would still be able to perform her childcare requirements.

109. Plaintiff did all, or substantially all, of the things the contract required of her under the contract.

110. Defendant failed to perform on the contract by requiring Plaintiff to have open availability including weekends, and particularly Sundays, a day she never previously worked or was scheduled for.

111. As a direct and proximate result of Defendant's unlawful actions against Plaintiff, as

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    stated herein, Plaintiff has been harmed in that she has suffered substantial economic

2    losses, in an amount according to proof plus interest.

3    **SEVENTH CAUSE OF ACTION**
     **PROMISSORY ESTOPPEL**

4    112.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

5           all preceding paragraphs as though fully set forth herein.

6    113.   Should the trier of fact find that a valid and enforceable agreement did not exist between

7           Plaintiff and Defendants, Plaintiff alleges this claim in the alternative.

8    114.   Defendant clearly and unambiguously promised Plaintiff a schedule of 7:00 a.m. to 2:00

9           p.m. Monday through Thursday and 7:00 a.m. to 12:00 p.m. on Fridays with no work on

10          weekends in consideration for Plaintiff's transfer to the Bonita location.

11   115.   Plaintiff relied on this promise, as evidenced by the fact that she applied for, and

12          completed the transfer to the Bonita location.

13   116.   Plaintiff's reliance on Defendant's promise was reasonable for Plaintiff, and foreseeable

14          to Defendants.

15   117.   Plaintiff was injured in that, after a few months of the transfer, she was not provided the

16          schedule she was promised and was terminated as a result of her inability to have open

17          availability.

18   118.   As a direct and proximate result of Defendant's inducement of Plaintiff's reliance,

19          Plaintiff would not have been injured.

20   119.   As a further direct and proximate result of Defendant's promise, and Plaintiff's reliance

21          thereon, Plaintiff has been injured in an amount according to proof at trial plus interest.

22

23   **WHEREFORE**, Plaintiff prays for the following relief:

24          1.    For compensatory damages, including back pay, front pay, and other monetary

25                relief, in an amount according to proof;

26          2.    For special damages in an amount according to proof;

27          3.    For mental and emotional distress damages;

28          4.    For punitive damages in an amount necessary to make an example of and to

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    punish defendants, and to deter future similar misconduct;

2    5.    For costs of suit, including attorneys' fees as permitted by law, including those

3         permitted by Government Code section 12965(b);

4    6.    For an award of interest, including prejudgment interest, at the legal rate as

5         permitted by law, including those permitted by Government Code section

6         12965(b);

7    7.    For such other and further relief as the Court deems proper and just under all the

8         circumstances.

9    **PLAINTIFF ROSA MACIAS** demands a jury trial on all issues in this case.

10

11   DATED: August __11__, 2022          **GRUENBERG LAW**

12

13                                        JOSHUA D. GRUENBERG, ESQ.
                                          PAMELA VALLERO, ESQ.
14                                        KATHERINE DISHONGH, ESQ.
                                          Attorneys for Plaintiff
15                                        **ROSA MACIAS**

16

17

18

19

20

21

22

23

24

25

26

27

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1

**EXHIBIT A**

2    (1)    PLAINTIFF'S CHARGE FILED WITH THE DEPARTMENT OF FAIR

3    EMPLOYMENT AND HOUSING (DFEH);

4    (2)    PLAINTIFF'S RIGHT TO SUE LETTERS FROM THE DFEH.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 10, 2022

Katherine Dishongh
2155 1st Ave
San Diego, California 92101

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202208-17865910
       Right to Sue: Macias / Macy's Inc.

Dear Katherine Dishongh:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausan Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 10, 2022

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202208-17865910
Right to Sue: Macias / Macy's Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1884 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 10, 2022

Rosa Macias
2155 First Ave
San Diego, CA 92101

RE: **Notice of Case Closure and Right to Sue**
    DFEH Matter Number: 202208-17865910
    Right to Sue: Macias / Macy's Inc.

Dear Rosa Macias:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 10, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

1
2
3
4

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
5  Rosa Macias                                          DFEH No. 202208-17865910

6                                    Complainant,
7  vs.

8  Macy's Inc.
   4640 ADMIRALTY WAY 5TH FL
9  MARINA DEL REY, CA 90292

10                                   Respondents

11  ──────────────────────────────

12  **1.** Respondent **Macy's Inc.** is an **employer** subject to suit under the California Fair Employment
13  and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15  **2.** Complainant **Rosa Macias**, resides in the City of **San Diego**, State of **CA.**

16
17  **3.** Complainant alleges that on or about **August 10, 2022**, respondent took the
   following adverse actions:

18  **Complainant was discriminated against** because of complainant's religious creed -
19  includes dress and grooming practices and as a result of the discrimination was forced to
   quit, denied accommodation for religious beliefs, other.

20  **Complainant experienced retaliation** because complainant reported or resisted any form
21  of discrimination or harassment, requested or used a religious accommodation and as a
   result was forced to quit, other.

22

23  **Additional Complaint Details:** See attachment.

24
25
26                                    -1-
                        *Complaint – DFEH No. 202208-17865910*
27  Date Filed: August 10, 2022
28
                                    Form DFEH-ENF 80 RS (Revised 02/22)

1  VERIFICATION

2  I, **Katherine Dishongh**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

4
5  On August 10, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6                                                                              **San Diego, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                    -2-
                                  *Complaint – DFEH No. 202208-17865910*
27
     Date Filed: August 10, 2022
28
                                                    Form DFEH-ENF 80 RS (Revised 02/22)



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00032247-CU-OE-CTL          CASE TITLE: Macias vs Macys Inc [Imaged]

<u>NOTICE:</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
            **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
            **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
            **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not |
| • Saves money |   resolve the dispute |
| • Gives parties more control over the dispute | • Procedures to learn about the other side's case (discovery), |
|   resolution process and outcome |   jury trial, appeal, and other court protections may be limited |
| • Preserves or improves relationships |   or unavailable |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joshua D. Gruenberg, Esq. SB #163281<br>Pamela Vallero, Esq. SB # 308301<br>GRUENBERG LAW<br>2155 First Avenue, San Diego, CA 92101<br>　TELEPHONE NO.: 619.230.1234　FAX NO.: 619.230.1234<br>ATTORNEY FOR *(Name)*: Plaintiff ROSA MACIAS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/11/2022** at 02:52:07 PM<br>Clerk of the Superior Court<br>By Armando Villasenor, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
　STREET ADDRESS: 330 W. Broadway
　MAILING ADDRESS:
　CITY AND ZIP CODE: San Diego 92101
　BRANCH NAME: Hall of Justice,

CASE NAME:
ROSA MACIAS v. MACY'S, INC., a Delaware Corporation; and DOES

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2022-00032247-CU-OE-CTL |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter　☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge John S. Meyer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. ☐ Large number of separately represented parties　　d. ☐ Large number of witnesses
　b. ☐ Extensive motion practice raising difficult or novel　e. ☐ Coordination with related actions pending in one or more courts
　　　issues that will be time-consuming to resolve　　　　in other counties, states, or countries, or in a federal court
　c. ☐ Substantial amount of documentary evidence　　f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary　b. ☑ nonmonetary; declaratory or injunctive relief　c. ☑ punitive
4. Number of causes of action *(specify)*: 7
5. This case ☐ is ☑ is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 11, 2022
Joshua D. Gruenberg, Esq.
_____　▶　_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7064 |

| PLAINTIFF(S) / PETITIONER(S):   Rosa Macias |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Macys Inc |

| MACIAS VS MACYS INC [IMAGED] |
|---|

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>37-2022-00032247-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  John S. Meyer                                           Department: C-64

**COMPLAINT/PETITION FILED:** 08/11/2022

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 01/27/2023 | 09:30 am | C-64 | John S. Meyer |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service must be accompanied by proof of service on that party at the time it is filed. A cross-complaint against a party who has appeared in the action served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

SDSC CIV-721 (Rev. 04-21)    **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**    Page: 1

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Rosa Macias |
|---|
| DEFENDANT(S): Macys Inc |
| SHORT TITLE: MACIAS VS MACYS INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00032247-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                                  Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                     ☐ Non-binding private arbitration

☐ Mediation (private)                             ☐ Binding private arbitration

☐ Voluntary settlement conference (private)       ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____
_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____
_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                     Date: _____

_____                            _____
Name of Plaintiff                                          Name of Defendant

_____                            _____
Signature                                                  Signature

_____                            _____
Name of Plaintiff's Attorney                               Name of Defendant's Attorney

_____                            _____
Signature                                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 08/12/2022                            _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

SEP 2 3 2022